O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5819 AHM (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | HYLOFT, INC. v. JIANGSU SAINTY SHENGTONG IMP. & EXP. CO., LTD. *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

     Today the Court held a hearing on the motion of Plaintiff HyLoft, Inc. ("HyLoft") to dismiss the action with prejudice and the motion of Duckor Spradling Metzger & Wynne, APC, Plaintiff's counsel, to withdraw as counsel. The Court GRANTS HyLoft's motion and dismisses HyLoft's claims with prejudice and Defendant Right Path Enterprises, Inc. ("RPE")'s counterclaims without prejudice.[1] The Court also GRANTS counsel's motion to withdraw.[2]

## I.     Motion to Dismiss

     HyLoft filed this action on September 6, 2007 and named RPE shortly thereafter. HyLoft alleges that RPE has infringed HyLoft's U.S. Patent No. 6,715,427 ("the '427 Patent") and U.S. Patent No. 7,152,535 ("the '535 Patent"), both entitled "Suspended Storage Structure." RPE filed counterclaims seeking a declaratory judgment of non-infringement, invalidity and unenforceability. The Court denied HyLoft's motion for a preliminary injunction on November 30, 2007.

     On July 31, 2008, HyLoft filed the motion for dismissal of its infringement claims

---

[1] Docket No. 74.

[2] Docket No. 75.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5819 AHM (PJWx) | | Date | September 8, 2008 |
|---|---|---|---|---|
| Title | HYLOFT, INC. v. JIANGSU SAINTY SHENGTONG IMP. & EXP. CO., LTD. *et al.* | | | |

against RPE and RPE's counterclaims against it.³  Citing financial difficulties, HyLoft requests dismissal of its infringement claims against RPE.  Attached to the motion is a Covenant Not To Sue in which HyLoft promised not to assert against RPE any infringement claim based on the '427 and '535 patents with respect to any previous or current product.  *See* Declaration of Kevin L. Wheeler ISO HyLoft's Mot. ¶ 8, Ex. 1. HyLoft also seeks dismissal of RPE's counterclaims for lack of jurisdiction, contending that the Covenant Not to Sue moots any need or basis for the requested declaratory judgment.

RPE does not oppose dismissal of HyLoft's infringement claim, but does oppose dismissal of its declaratory relief counterclaims.  RPE argues that there remains a justiciable case or controversy because HyLoft has threatened to file a new lawsuit against RPE based on HyLoft's pending application for a continuation-in-part ("CIP") patent.  RPE also asserts that HyLoft has a history of filing patent infringement suits against competitors and then withdrawing them before the competitor can invalidate HyLoft's patents.

It does appear that HyLoft has threatened to sue RPE based on a pending CIP patent, although the threat seems to be conditioned on RPE's refusal to drop its counterclaims.  In a letter dated July 16, 2008, HyLoft averted to the fact that the costly litigation "process will repeat with the issuance of a [CIP] patent that is likely to be issued in the next few months."  Declaration of Gregory M. Garrison ¶ 2, Ex. A.⁴  The CIP patent, according to HyLoft, "more precisely describes the Ultra-Pro/SuperPro products offered by sale by our respective clients.  Further, the CIP discloses the prior art to the USPTO that you have identified in the present case.  Thus, the CIP will have a presumption of validity even stronger than either of the patents in the instant case." *Id.*

---

³Also on July 31, 2008, HyLoft's counsel filed the abovementioned motion to withdraw from this case as well as a Notice of Voluntary Dismissal of Defendant Jiangsu Sainty Shengtong Imp. & Exp. Co., Ltd., which had not yet been served with the complaint.

⁴The Court overrules HyLoft's objection to RPE's use of the July 16, 2008 letter under Fed. R. Evid. 408.  That rule provides limited protection for the confidentiality of settlement offers; they may not be used to prove liability, absence of liability or amount of damages, nor to impeach.  The July 16, 2008 letter contains information concerning a threat to sue.  Under Rule 408(b) that portion of the letter is admissible for the purpose of determining the justiciability of RPE's counterclaims.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5819 AHM (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | HYLOFT, INC. v. JIANGSU SAINTY SHENGTONG IMP. & EXP. CO., LTD. *et al.* | | |

The letter goes on to state: "If Mr. Klagues continues to prosecute his counterclaim, HyLoft has instructed me to simply file a new action based on the CIP when it issues and pursue SOS and RPE for infringement." *Id.* Although the threat is couched in conditional terms, it is an indication of HyLoft's willingness to go to court again to enforce its anticipated CIP patent (notwithstanding HyLoft's representations that it cannot afford to continue litigating *this* action).

Even if future litigation based on a newly issued CIP patent were likely, upon dismissal of HyLoft's claims concerning the '427 and '535 patents, the Court would be divested of power under Article III to determine whether RPE is entitled to declaratory relief on its counterclaims directed at those patents. *See Cross Bow Technology, Inc. v. YH Technology*, 531 F.Supp.2d 1117, 1122-23 (N.D. Cal. 2007) (holding that written covenant not to sue filed concurrently with dismissal unequivocally establishes that plaintiff will not pursue claims for infringement of the patent in suit, and therefore "weighs strongly against the existence of a 'substantial controversy. . .of sufficient immediacy and reality. . . .'"). RPE does not dispute that HyLoft's Covenant Not to Sue eliminates the threat of litigation over the '427and '535 patents. Rather, its position seems to be that a case or controversy currently exists as to the *pending* CIP patent, even though RPE's counterclaims do not seek relief as to any pending CIP patent, and notwithstanding that RPE has not requested leave to amend its counterclaims. RPE has neither described the CIP patent nor demonstrated how dismissal of its current counterclaims would preclude any claims that may arise upon the issuance of the CIP patent.

Even if RPE's counterclaims encompassed the pending CIP patent, HyLoft's threat to sue would not be sufficient to create a case or controversy. Guided by principles that the Supreme Court recently affirmed in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 771 (2007), the Federal Circuit has held that a "complaint alleging a dispute over the validity and infringement of a *possible* future patent" did not present a justiciable case or controversy under Article III. *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) (emphasis in original). In *GAF Building*, the Federal Circuit noted that the patent was likely to issue, but until it did "the dispute was purely hypothetical and called for an impermissible advisory opinion." *Id.* Under these sound principles, RPE's contention that HyLoft is likely to initiate another action based on a patent that is currently pending is too hypothetical to sustain

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5819 AHM (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | HYLOFT, INC. v. JIANGSU SAINTY SHENGTONG IMP. & EXP. CO., LTD. *et al.* | | |

jurisdiction. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1349 (Fed. Cir. 2007) (holding that no substantial controversy of sufficient immediacy and reality existed where plaintiff proposed to dismiss its infringement claims and defendant argued that plaintiff intended to expand its technology to cover products that would be allegedly infringing).

For the foregoing reasons, HyLoft's motion to dismiss the action is granted. HyLoft's claims against RPE are dismissed with prejudice. RPE's counterclaims are dismissed without prejudice.

**II.    Motion to Withdraw**

Duckor Spradling Metzger & Wynne moves the Court, pursuant to Local Rule 83-2.9.2.1, for leave to withdraw as counsel of record for HyLoft. Counsel seeks to withdraw because HyLoft has failed to timely remit payment of over $85,000 for legal fees and costs incurred in this litigation, despite repeated requests for payment. Declaration of Kevin L. Wheeler ISO Mot. to Withdraw ("Wheeler Decl.") ¶¶ 3-5. HyLoft had signed a fee agreement requiring such payment. *Id.* ¶ 3. In connection with its motion to dismiss, HyLoft's President submitted a declaration in which he admitted that HyLoft is unable to pay its attorneys in this case. Declaration of Ted Lower ISO HyLoft's Mot. to Dismiss ¶ 2.

Counsel appears to have satisfied the notice requirements of Local Rules 83-2.9.2.1 and 83-2.9.2.3. Counsel's declaration states that he has written several emails and letters to the President of HyLoft to put HyLoft on notice that it was in arrears and Duckor Spradling Metzger & Wynne could not continue to represent HyLoft given its inability to make payments. Wheeler Decl. ¶ 5. Counsel does not indicate specifically that the notice of motion and motion to withdraw was itself provided to HyLoft; the proof of service for counsel's motion to withdraw shows only that the notice of motion and motion was served via the Court's electronic filing system on all the parties to this action through their attorneys on July 31, 2008. Nevertheless, counsel's declaration attesting to written notice through emails and letters is sufficient to establish facial compliance with Local Rule 83-2.9.2.1. Counsel also attests that he has informed HyLoft of the consequences of its inability to appear *pro se*. Wheeler Decl. ¶ 7. In his brief, counsel elaborates on his cursory declaration, stating that he has informed HyLoft that it cannot

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5819 AHM (PJWx) | Date | September 8, 2008 |
|---|---|---|---|
| Title | HYLOFT, INC. v. JIANGSU SAINTY SHENGTONG IMP. & EXP. CO., LTD. *et al.* | | |

represent itself before this Court and needs to find substitute counsel. Mot. at 2. Counsel did not attach any copies of the correspondence to which he referred. However, his declaration at least facially satisfies the requirement of Local Rule 2.8.2.3. At the hearing, Plaintiff's counsel represented as an officer of the Court that he provided HyLoft's President with the disclosures required by the Local Rules. The Court is satisfied by his representation.

      Because the Court is dismissing this action in its entirety, HyLoft will not be prejudiced by the withdrawal of its counsel. *See* L.R. 83-2.9.2.4. For these reasons, the Court GRANTS the motion to withdraw.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO |  |

**Make JS-6**